NETTIE CARPENTER and others

*v.*

THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN and others.

1. A statutory lien on lands for annual water-rents cannot be extended by construction so as to include water furnished by the city commissioners under a contract with a tenant for years; and hence a sale of the premises occupied by such tenant, for default in paying such water-rents, is *ultra vires*, and may be set aside on application of the owner.

2. Where the authority of the commissioners is terminated by their assessment and return to the common council, they are unnecessary parties to a suit to set aside a sale of lands ordered by the common council and predicated on their proceedings.

---

Bill to remove cloud from title. On bill and answer of the mayor and council, and replication thereto, and proof taken under the issue so joined, and plea of the water commissioners of the city of Hoboken, and agreement of counsel.

*Mr. J. C. Besson,* for complainants.

*Mr. M. W. Niven,* for defendants.

THE CHANCELLOR.

The bill is filed to remove from the complainant's title to land in Hoboken the cloud cast thereon by two sales thereof by the city (at both of which it was itself the purchaser for two terms of one hundred years each), for the non-payment of the price assessed against the property for water furnished by the water commissioners of the city of Hoboken to Alexander Feyle, the complainant's tenant of the premises. The suit is brought against the water commissioners, as well as the city, and the relief prayed is the avoidance and cancellation of the charges made against the property by the commissioners, the annulment of the sales and the cancellation of the record thereof. The city has answered, insisting on the validity of the lien and sales, and the commissioners have pleaded.

No warrant or authority of law is to be found for the charges in question and the consequent proceedings thereunder. By the act of March 27th, 1859, (*P. L. of 1859 p. 433*), a lien for annual water-rents, to be fixed from time to time by the commissioners, is created, and provision is made for the enforcement thereof by sale of the property whereon it is charged. But no other or further lien or charge on the land is authorized thereby. In the case in hand, the annual water-rents have, it is alleged by the bill and admitted by the answer, been duly paid, and no lien is claimed for or in respect to them, but the lien is claimed on account of water furnished to the yearly tenant by the commissioners, under a contract between him and them. For the recovery of the money due for that water, the commissioners might, under the act, maintain an action against the tenant, but no lien or sale of the property of the complainants therefor is authorized. All the proceedings called in question by this suit are *ultra vires,* and therefore null and void, and should be so declared. The water commissioners have pleaded that they have no interest in the land or in the sale thereof, and have no claim

Carpenter v. Hoboken.

thereon, and that all of their interest ceased when they made return of the assessment to the mayor and common council, as set forth in the bill. The plea is set down for argument at the final hearing, on the agreement that if it be held bad a decree shall be entered against the commissioners, as well as the city, in case it be held that the proceedings complained of in the bill are null and void *ab initio*, the question involved being a mere question of law. The bill states that the commissioners, unlawfully and without any authority from the complainant, charged against the latter the amounts due the commissioners from the tenant, in the same manner as if they had been for water-rents lawfully assessed on the property. By the act the commissioners are directed, from time to time, to fix a sum to be assessed annually upon all vacant lots and lots with buildings thereon in the city in which Passaic water is not taken, and also upon lots or buildings where the water is taken, if the same are situated on any road, street, avenue, lane, alley or court in the city through or in which pipes for distributing the water are laid, which prices and sums so fixed and assessed are to be denominated water-rents; that the water-rents and penalties for delaying payment beyond the time fixed shall, until paid, be a lien on the property charged therewith; and that the commissioners shall, on and after a day specified in the act, in each year deliver to the mayor and common council of the city a certified account of the water-rents and penalties unpaid, and that they shall be collected for the commissioners by the means employed by the city for the collection of taxes. The action of the commissioners with respect to the lien terminates on the delivery of the statement in the act called " the account" of their assessment; and this statement or account is the record, and so far as the requirements of the act are concerned, the only record, of the assessment. The commissioners are not necessary parties to this suit. They have no interest in the event of it, nor are they necessary to the relief sought. The assessment was, indeed, made by them, and not by the mayor and council; but that does not, of itself, give the complainant a right to compel them to answer. Commissioners by whom an assessment is made under appointment by a munici-

pal body for the cost of municipal improvements, are not proper parties to a bill to remove a cloud on title created by their action in making the assessment; and the commissioners in this case stand in a like relation. No decree can be made against them. They claim no lien by virtue of their assessment; nor do they hold any record of lien—that is held by the mayor and common council. They have no interest whatever in the subject of this controversy. The complainant's property was sold to the city for terms of years, to pay the assessments, and, under the act, the amount for which it was sold was immediately payable to the commissioners out of the city treasury. It cannot be recovered back from them. They are a mere department of the municipal government. As to the grounds or elements of the assessment, the commissioners are witnesses merely.

The plea will be allowed, and a decree made against the mayor and common council of the city, according to the prayer of the bill.

Under the agreement, the bill will, as to the commissioners, be dismissed with costs.